IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                          Case No. 4:18-cr-40009

DEWON DAVIS                                                                                      DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Jail Time Credit.  (ECF No. 41).  No response is necessary.  The matter is ripe for consideration.

On December 4, 2018, Defendant pled guilty to one count of distribution of more than five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  On April 25, 2019, the Court sentenced Defendant to ninety-six months of imprisonment with credit for time served in federal custody; four years of supervised release; and a $100 special assessment. (ECF No. 39).

On April 12, 2022, Defendant filed the instant motion.  He states that, prior to his sentencing, he was in in federal custody from June 2018 through May 2019 and has not received credit for that time.  He asks the Court to have the time applied toward his sentence.  Defendant is currently incarcerated in FCI Cumberland in Cumberland, Maryland.

"After a district court sentences a federal offender, the Attorney General, through the [Federal Bureau of Prisons ("BOP")], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992).  Thus, the BOP determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody.  *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996).  Administrative procedures exist

within the BOP to review an alleged failure to credit the time a defendant has served. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *see also* 28 C.F.R. §§ 542.10-542.16 (describing the BOP's administrative remedy program).

If the inmate properly exhausts all administrative remedies and receives an adverse decision, he may then seek judicial review by filing a habeas corpus petition under 28 U.S.C. § 2241. *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). Any such petition must be filed in: (1) the federal judicial district where the movant is incarcerated, (2) the United States District Court for the District of Columbia, or (3) any federal judicial district where the BOP maintains a regional office. *See United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000).

Defendant has not shown that he fully exhausted his administrative remedies within the BOP before filing the instant motion. Even if he had, though, he cannot seek review in the United States District Court for the Western District of Arkansas regarding presentencing detention credit. He is incarcerated in Cumberland, Maryland, which is within the United States District Court for the District of Maryland. Moreover, the BOP does not maintain a regional office in the Western District of Arkansas.[1] As a result, even though this Court sentenced Defendant, it lacks jurisdiction to provide him any relief with respect to credit for time served or calculation of his sentence. After fully exhausting his administrative remedies in the BOP, he must make his request in one of the three judicial districts discussed above. Accordingly, the instant motion (ECF No. 41) should be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The BOP has six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand Prairie, Texas; and Stockton, California. *See* Federal Bureau of Prisons, Offices, https://www.bop.gov/about/facilities/offices.jsp (last accessed April 19, 2022).